IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA CARDENAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| CASTLE CREDIT CO-HOLDINGS, LLC | ) ) Judge: |
| Defendant. | ) ) |

**VERIFIED COMPLAINT**
**(TRIAL BY JURY DEMANDED)**

NOW COMES the Plaintiff, MARIA CARDENAS, (hereinafter "MARIA"), by and through her attorneys, Mirabella, Kincaid, Frederick & Mirabella, LLC, for her Verified Complaint against the Defendant, CASTLE CREDIT CO-HOLDINGS, LLC, (hereinafter "CASTLE"), and states as follows:

**NATURE OF THE CASE**

1. This case is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*, and the Illinois Human Rights Act, ("IHRA"), 775 ILCS 5/1-101, *et. seq.*, for unlawful sexual harassment and retaliation in employment.

2. MARIA seeks actual, compensatory, and punitive damages, and an award of costs, expenses, and attorneys' fees in excess of $300,000.00 for CASTLE's violations of the law.

**JURISDICTION & VENUE**

3. Jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), as this action involves federal questions arising under Title VII.

4. This Court has supplemental jurisdiction over MARIA's state law claims arising under Illinois law pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391 given that all of the discriminatory and unlawful practices alleged herein which give rise to MARIA's claims were committed within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent required under Title VII and the IHRA have been exhausted and performed by MARIA prior to the filing of this complaint.

7. On December 11, 2018, MARIA timely filed a Charge of Discrimination alleging Sexual Harassment and Retaliation with the Illinois Department of Human Rights, ("IDHR"), Charge No. 2019CF1455, and the U.S. Equal Employment Opportunity Commission, ("EEOC"), Charge No. 21B-2019-00749.

8. On February 26, 2020, the IDHR issued a Notice of Substantial Evidence on MARIA's claims. A copy of that Notice is attached hereto as Exhibit A.

9. On March 11 2020, the EEOC issued to MARIA a Notice of Right to Sue. A copy of that Notice of Right to Sue is attached as Exhibit B.

10. MARIA has timely filed this action within 90 days after receipt of the Departments' respective Notices.

## PARTIES

11. MARIA is an individual presently residing in Joliet, Illinois.

12. MARIA, at all times relevant, was an "employee" of CASTLE, as that term is defined under Title VII, 42 U.S.C. § 2000e(f) and the IHRA, 775 ILCS 5/2-101(A).

13. Defendant, CASTLE, is a Limited Liability Company registered to do business in Illinois and is headquartered in Chicago, Illinois.

14. CASTLE is an "employer" as that term is defined under Title VII, 42 U.S.C. § 2000e(b) and the IHRA, 775 ILCS 5/2-101(B).

15. At all times relevant hereto, MARIA performed her duties for CASTLE at its offices located at 8430 W. Bryn Mawr Avenue, Suite 750, Chicago, Illinois 60631.

## COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
*[42 U.S.C. § 2000e-2(a), 775 ILCS 5/2-102(D)]*

1-15. MARIA incorporates Paragraphs 1 through 15 as though fully set forth herein.

16. MARIA, a female, is a protected person under the Title VII and the IHRA.

17. On or about May 6, 2016, CASTLE hired MARIA as the Late-Stage Manager/Collector after entering into an asset purchase agreement with MARIA's former employer, Castle Credit Corporation.

18. After the merger, CASTLE re-employed many of Castle Credit Corporation's existing staff, including Luis Miranda, who, at that time, was employed as a Collector reporting to MARIA.

19. For the timeframe between May 6, 2016, and November, 2016, MARIA reported to Thomas Anderson, CASTLE's Chief Executive Officer. From November, 2016, through May 17, 2018, MARIA reported to Alexandra ("Sasha") Baron, Vice President of Operations. Then, beginning on May 17, 2018 and continuing until she was unlawfully terminated on July 11, 2018, MARIA reported to Barb Kowalczyk, Manager of Collections and Human Resources.

20. At all times relevant, MARIA was an exceptional performer who met CASTLE's legitimate performance expectations.

21. During the timeframe between May 6, 2016, and June, 2017, MARIA was subjected to numerous instances of sexual harassment by her subordinate, Luis Miranda (hereinafter "Miranda"). Examples of Miranda's sexually harassing conduct include, but are not limited to, the following:

   a. On or about May 6, 2016, Miranda, who was visibly upset for reasons unknown to MARIA, stated to MARIA "calm me down. Let's go to the hotel." MARIA responded to Miranda that he should "get away" from her. MARIA also reported the incident to her then supervisor, Thomas Anderson, by stating "he keeps inviting me to the hotel."

   b. In May, 2016, Miranda approached MARIA's cubicle and stated, "what would I do with those tits." MARIA responded, "you're a sicko." One of MARIA's coworkers, Bonita, observed Miranda's unlawful behavior and stated to him, "don't talk to MARIA that way."

   c. On numerous occasions, Miranda would routinely time his departures from work with MARIA so he could purposefully walk out of the building with her. For example, when MARIA left work for the day, she would exit using the elevator. On multiple occasions when MARIA entered the elevator, Miranda would rush up to the elevator and block the door from closing with his hand. After reopening the elevator, he would enter and state to MARIA, "You're not going to wait for me to go to the hotel?"

   d. On numerous occasions throughout the relevant timeframe, when Miranda would call MARIA on the phone, he would state, "You know who this is; this is your man." MARIA would hang up the phone on him.

    e. On numerous occasions throughout the relevant timeframe, Miranda would call MARIA and breathe heavily on the phone to mimic the sounds of sexual pleasure.

    f. On at least one occasion during the relevant timeframe, Miranda approached MARIA from behind and got so close to her that she felt him breathing on the back of her neck. Surprised by how close Miranda had gotten to her body, MARIA exclaimed, "Luis, get away from me and keep your distance."

    g. On a day-to-day basis during the relevant timeframe, while in the lunchroom, Miranda would repeatedly look MARIA up and down in a sexual manner, bite his lips, and wink at MARIA. MARIA returned Miranda's sexual looks with a disgusted look.

    h. During the Christmas season of 2016, Miranda approached MARIA and asked her whether she wanted to "be his date" for the Christmas party. MARIA rejected him instantly.

22. At all times, MARIA found the ongoing pattern of sexual harassment extremely unwelcome and offensive.

23. On a weekly basis between the timeframe of May 6, 2016, and June, 2017, MARIA reported Miranda's unlawful sexual harassment to her then supervisors, Thomas Anderson and Sasha Baron.

24. In June, 2017, CASTLE transferred Miranda to the sales department.

25. After Miranda was transferred to the sales department, his sexually harassing conduct finally stopped.

26. However, in February, 2018 CASTLE transferred Miranda back to the collections department.

27. After Miranda returned to the collections department, he began to once again subject MARIA to numerous instances of unwelcome and offensive sexual harassment based upon her sex on a frequent, ongoing and daily basis through June, 2018. The ongoing sexual harassment that MARIA was again subjected to included, but was not limited to, the following instances:

    a. Immediately upon his return to the collections department in February, 2018, Miranda approached MARIA's cubicle and stated, "I'm back and this time, you are going to take me to the hotel." MARIA responded, "Luis, get away from me."

    b. In the end of February, 2018, while in the kitchen, Miranda bit his lips and stated to MARIA in a sexually suggestive manner, "what would I do with you?"

    c. At the end of February/beginning of March, 2018, Miranda approached MARIA's cubicle and once again asked, "why don't we go to the hotel?"

    d. Throughout the relevant timeframe, beginning in March, 2018, and continuing through May, 2018, Miranda resumed his behavior of timing his work departures with MARIA's. Miranda began to, once again, routinely get on the elevator with MARIA and invite her to a hotel.

    e. On a daily basis throughout the relevant timeframe, Miranda would take every opportunity in which he saw MARIA to give her sexually suggestive looks, bite his lips, and stare at her breasts.

    f. During the first week of June, 2018, Miranda purposefully bumped into MARIA by the printer, blocking her exit, and stated, "when are we going to the hotel?"

g. Each time Miranda engaged in sexually harassing behavior towards MARIA, she would tell Miranda to get away from her and to leave her alone. Miranda often retorted, "I love it when you get hostile."

28. At all times, MARIA found the ongoing pattern of sexual harassment extremely unwelcome and offensive.

29. MARIA complained about Miranda's sexually harassing conduct to her then supervisor, Sasha Baron, and then began reporting Miranda's continued behavior to her new supervisor, Barb Kowalczyk, who took over Baron's duties on May 17, 2018.

30. Despite MARIA's repeated complaints, CASTLE took no actions to correct or stop the Miranda's sexually harassing conduct.

31. Instead of taking any actions to stop the sexually harassing conduct, CASTLE promoted Miranda to a Mid-Stage Manager position, which was on the same level as MARIA, in approximately May, 2018.

32. Disturbed by the lack of any response to her complaints, MARIA reported Miranda's unlawful sexual harassment to Barb Kowalczyk's supervisor, Peter (last name unknown) in June, 2018. During this meeting, MARIA began crying and pleading with Peter that he take actions to stop Miranda's sexually harassing behavior towards her. Peter responded "I don't know MARIA; I don't know about you." Peter also stated that it was "such a waste of talent that MARIA and Miranda could not work together." MARIA responded, "The reason I can't work with him is because he is sexually harassing me." Despite MARIA's complaints, Peter, without offering any reasonable corrective measure, mandated that MARIA had to continuing working with Miranda.

33. CASTLE continued to take no actions in response to MARIA's complaints, or take any reasonable corrective measures. CASLTE also refused to discipline Miranda in any way. Instead, CASTLE again promoted Miranda to a Mid and Late-Stage Manager/Collector position after MARIA was terminated on July 11, 2018.

34. The ongoing pattern of sexual harassment had the effect of, and did create, a hostile, intimidating, and abusive work environment for MARIA, and had the purpose and effect of substantially interfering with MARIA's ability to perform the duties of her job.

35. As a direct result of the sexual harassment imposed on MARIA, MARIA suffered actual damages, including but not limited to lost wages, benefits, emotional distress, humiliation, damage to her professional and personal reputation, and pain and suffering, including the exacerbation of MARIA's known preexisting condition of Rheumatoid Arthritis.

WHEREFORE, Plaintiff, MARIA CARDENAS, respectfully requests under Count I, the following relief against Defendant, CASTLE CREDIT CO-HOLDINGS, LLC:

A. That this Court find that CASTLE has violated the IHRA and Title VII for unlawful sexual harassment against MARIA;

B. That this Court award compensation for back pay, front pay, the value of lost benefits, and interest thereon;

C. That this Court award compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the sexual harassment;

D. That this Court award punitive damages to the maximum extent allowed under applicable law;

E. That this Court award MARIA's reasonable attorneys' fees and costs; and,

F.       That this Court award such further relief as is equitable and just.

## COUNT II – RETALIATION
### [42 U.S.C. § 2000e-3(a), 775 ILCS 5/6-101(A)]

1-35.    MARIA incorporates Paragraphs 1 through 35 of Count I herein as Paragraphs 1 through 35 of Count II, as if fully set forth herein verbatim.

36.    On repeated occasions between May, 2018, and July, 2018, MARIA engaged in protected activity by reporting Miranda's unlawful sexual harassment to management on behalf of herself and others.

37.    On or about June 13, 2018, MARIA received reports that two of her subordinates had also been sexually harassed by Miranda.

38.    MARIA, in accordance with CASTLE's policy, reported the same to her supervisor, Barb Kowalczyk.

39.    After MARIA escalated her subordinates' complaints, as well as her own, to upper management, CASTLE failed to take any reasonable corrective measures to correct or stop Miranda's unlawful sexual harassment.

40.    Given CASTLE's inaction to remedy Miranda's unlawful conduct towards numerous women, on July 9, 2018, MARIA escalated her complaints to Thomas Anderson, CASTLE's CEO. During this meeting, MARIA recommended that CASTLE terminate Miranda.

41.    Immediately after MARIA recommended that CASTLE terminate Miranda, Thomas Anderson told MARIA to go home. MARIA responded by insisting that "Luis is a sexual harasser." Thomas Anderson then continued to mandate that MARIA leave the premises and go home.

42.    Two days later, on July 11, 2018, CASTLE terminated MARIA and gave her no reason for her termination.

43. After terminating MARIA, CASTLE has continued to employ Miranda, and has since promoted him to the position of Mid and Late-Stage Manager/Collector.

44. CASTLE terminated MARIA's employment because she complained about unlawful sexual harassment on behalf of herself and others.

45. As a result of CASTLE's unlawful retaliatory actions, MARIA suffered actual damages, including but not limited to lost wages, benefits, emotional distress, humiliation, damage to her professional and personal reputation, and pain and suffering, including the exacerbation of MARIA's known preexisting condition of Rheumatoid Arthritis.

WHEREFORE, Plaintiff, MARIA CARDENAS, respectfully requests under Count II, the following relief against Defendant, CASTLE CREDIT CO-HOLDINGS, LLC:

A. That this Court find that CASTLE has violated IHRA and Title VII for unlawfully retaliating against MARIA for engaging in protected activity;

B. That this Court award compensation for back pay, front pay, the value of lost benefits, and interest thereon;

C. That this Court award compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of CASTLE's retaliatory actions towards MARIA;

D. That this Court award punitive damages to the maximum extent allowed under applicable law;

E. That this Court award MARIA's reasonable attorneys' fees and costs; and,

F. That this Court award such further relief as is equitable and just.

Respectfully Submitted,

By: /s/ Jolianne S. Alexander
JOLIANNE S. ALEXANDER
One of Plaintiff's Attorneys

Jolianne S. Alexander (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for MARIA CARDENAS
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
MARIA CARDENAS

**ATTORNEY CERTIFICATION**

Counsel for the Plaintiff affixes her signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

/s/ Jolianne S. Alexander
JOLIANNE S. ALEXANDER
One of Plaintiff's Attorneys

Jolianne S. Alexander (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for MARIA CARDENAS
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com